IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES MOSES,                                          No. 2:13-cv-0160-KJM-CMK-P

      Plaintiff,

    vs.                                                                    FINDINGS AND RECOMMENDATIONS

CALIFORNIA MEDICAL FACILITY, et al.,

      Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brought this action in the Solano County Superior Court. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1331, 1441, indicating that plaintiff alleges violations of the Americans with Disabilities Act (ADA) and claims under 43 U.S.C. § 1983 for violations of the Eighth Amendment.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). In addition, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also 28 U.S.C. § 1447(c).

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff chose to file this case in State court, using the California Judicial Council forms for a civil action. Plaintiff attached to his form complaint, three causes of action: general negligence, intentional tort, and premises liability. The only named defendant to this action is California Medical Facility (CMF), the penal institution where plaintiff is currently housed. Plaintiff's complaint alleges that he was placed in a unit with twelve other people that had only one toilet without ADA handrails, which caused him pain and suffering. He suffered through the situation for over nine months before CMF gave him ADA handrails. He states this is considered cruel and unusual punishment.

## II. DISCUSSION

The federal removal statute provides that "[a] defendant . . . desiring to remove any civil action . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)

In this case, it appears that the notice of removal was untimely filed. Plaintiff filed this action in the Solano County Superior Court on June 5, 2012. Defendant fails to inform the court as to when it was actually served, but the Summons and Complaint are both stamped as received by the Solano County Sheriff's office on December 18, 2012. The notice of removal was not filed in this court until January 25, 2013. It is therefore unclear, but would appear that more than 30 days passed prior to the notice of removal being filed.

In addition, it does not appear that this court has proper jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994). In order for a federal court to have jurisdiction over a specific action, the case must either arise under the Constitution or laws of the United States or involve citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331, 1332. "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997-98 (9th Cir. 2007) (citations omitted). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal status is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091.

Here, the complaint filed in State court is only premised on California law. No federal question is present, and thus no basis for federal question jurisdiction appears on the face of the complaint. While defendant contends in its notice of removal that plaintiff "alleges violations of the Americans with Disabilities Act (ADA) and the Eighth Amendment to the U.S. Constitution and asserts claims under 42 U.S.C. § 1983," the undersigned does not find any such allegations. Rather, plaintiff has attached three causes of action to his complaint: negligence, intentional tort, and premise liability. All of these are state law causes of action. While plaintiff mentions that he has not been provided ADA handrails in the toilet facilities of the unit to which he was assigned, and states that failure to do so is cruel and unusual punishment, no where in the

complaint does plaintiff mention the Eighth Amendment, nor does he allege any violation of the Americans with Disabilities Act.  Instead, he claims the institution was negligent in placing him in a cell without the necessary handrails, which caused him pain.  While plaintiff may have chosen to file a Federal action on the basis of the Eighth Amendment or violations of ADA, he did not do so.  The basis for federal question jurisdiction must be presented on the face of a plaintiff's complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009).  Here, the complaint lacks the necessary allegations on which to based federal question jurisdiction.

### III.  CONCLUSION

Based on the foregoing, the undersigned concludes that this court lacks jurisdiction over this action, and this case should be remanded to the State court.  There is no federal question raised in the complaint, which is predicated on California state law.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be remanded to the Superior Court of the State of California, County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 26, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE